THE PEOPLE *ex rel.* Henry Hutchinson

*v.*

EDWARD J. MURPHY, Warden.

*Opinion filed December 20, 1900.*

1. HABEAS CORPUS—*judgment of conviction must be void to warrant release on habeas corpus.* One imprisoned under the sentence of a court having jurisdiction of the subject matter and the person of the defendant, and power to render the judgment, cannot be discharged on *habeas corpus* because of irregularities in the proceedings, as his remedy in such case is writ of error.

2. JUDGMENTS AND DECREES—*when a judgment of conviction is not void.* A judgment of conviction is, at the most, merely informal, and not void, which shows only in the caption, and not in the body of the judgment, that the indictment under which the accused was convicted was for murder.

3. VERDICT—*when verdict sufficiently finds the accused guilty of murder.* A verdict, in the usual form, finding the accused "guilty in manner and form as charged in the indictment," which indictment charges him with murder, is a specific finding that the accused is guilty of murder, under the rule that all parts of the record are to be interpreted together, and a deficiency at one place may be supplied by what appears in another.

4. CRIMINAL LAW—*certified copy of judgment is the only mittimus required.* Under section 456 of the Criminal Code (Rev. Stat. 1874, p. 414,) a certified copy of the judgment of conviction is the only *mittimus* necessary.

ORIGINAL petition for *habeas corpus.*

A. J. HANLON, for relator:

The relator contends that he is entitled to his discharge on *habeas corpus*, on the ground, first, that the judgment of the criminal court of Cook county of July 6, 1893, is void on its face, in that it fails to show that the defendant was convicted of any crime or offense, and the court was without jurisdiction to enter such judgment; and second, that the judgment is void because the verdict of the jury fails to specify of what offense or crime, if any, the jury finds him guilty, and the court exceeded its jurisdiction in entering the said judgment.

A warrant of commitment or *mittimus* must set forth the crime or offense with which a person is charged or convicted. *Burford's case*, 3 Cranch, 486; *Ex parte Rohr*, 5 Ark. 104; *McLaughlin* v. *State*, 58 Vt. 136; *Burdett* v. *Abbott*, 14 East. 72; 1 Chitty's Crim. Proc. 109; 1 Hale's Pleas of the Crown, 583; 2 Hawkins' Pleas of the Crown, chap. 16.

E. C. AKIN, Attorney General, CHARLES S. DENEEN, States Attorney, and FERDINAND L. BARNETT, for respondent:

A prisoner is not held by *mittimus*, but by judgment, and cannot be discharged on *habeas corpus* unless the judgment is void. If the judgment is erroneous, merely, the prisoner's remedy must be by writ of error. *People* v. *Whitson*, 74 Ill. 20; *People* v. *Foster*, 104 id. 158; *United States* v. *Pudgeon*, 153 U. S. 48; *Ex parte Lundy*, 19 S. C. 601; Church on Habeas Corpus, sec. 384; *Ex parte Bond*, 9 S. C. 80.

If the judgment is deficient and not void, the prisoner must resort to writ of error, in which case the prisoner will not be discharged, but a new judgment will be ordered on a valid verdict. 1 Barn. & Cres. 711; *Benedict* v. *State*, 12 Wis. 313; *Peglow* v. *State*, id. 534; *Gray* v. *State*, 55 Ala. 87; *Lowery* v. *Howard*, 103 Ind. 442; *State* v. *Trozevant*, 20 S. C. 363; *In re Smith*, 2 Nev. 338; *Baxter* v. *People*, 3 Gilm. 368; *Ex parte Nomaque*, Breese, 145; *Harris* v. *People*, 130 Ill. 457; *Johnson* v. *People*, 83 id. 437; *Wallace* v. *People*, 159 id. 453.

A judgment is not substantially deficient if it is sustained by an inspection of the entire record. 1 Bishop on Crim. Proc. sec. 1348; 9 Am. & Eng. Ency. of Law, 223; *People* v. *Cavanaugh*, 2 Park. Cr. 653; *Pointer* v. *People*, 151 U. S. 417; *Soper* v. *State*, 3 How. (Miss.) 430.

In the case at bar, the offense, while not charged in the body of the judgment, is charged in the caption and referred to in the body. This is sufficient. *In re Waldrip*, 1 Ariz. 482; *People* v. *Cavanaugh*, 2 Park. Cr. 653; *Peglow* v. *State*, 12 Wis. 534; *Williamson* v. *State*, 106 Ala. 23; *Pointer*

188—10

v. *United States,* 151 U. S. 418; *Ex parte Murray,* 43 Cal. 457; *State* v. *Cook,* 92 Iowa, 484; *In re Gibson,* 31 Cal. 619.

A judgment is not void if the court had jurisdiction of the person, jurisdiction of the subject matter, and jurisdiction to render the particular judgment complained of. *Ex parte Lange,* 18 Wall. 163; *Tweed case,* 60 N. Y. 559.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a petition for *habeas corpus* by the relator, Henry Hutchinson, to be discharged from confinement in the penitentiary at Joliet. A single ground for that discharge is alleged in the petition, namely, that the judgment of conviction is void, first, because it fails to show on its face that the petitioner was convicted of any crime; and second, because the verdict of the jury upon which the judgment was entered failed to specify the crime or offense for which he was found guilty. Accompanying the petition is a complete transcript of the proceedings under which the conviction was had. From this, as well as the allegations of the petition, it is shown that on the 15th day of February, 1893, the relator was regularly indicted in the criminal court of Cook county for the crime of murder; that on the 13th of March, following, he entered his plea of not guilty to that indictment, and on April 28 was put upon his trial, a verdict of guilty being returned against him on the 29th of that month; that afterwards, on the 6th day of July following, motions for new trial and in arrest of judgment having been overruled, judgment of sentence upon the verdict was pronounced against him, and he was thereupon conveyed to the penitentiary.

The verdict is in the following language: "We, the jury, find the defendant, Henry Hutchinson, *alias* Sheeny Henry, guilty in manner and form as charged in the indictment, and we fix his punishment at imprisonment in the penitentiary for the term of his natural life." The judgment is as follows:

"*Be it remembered,* to-wit, on the 6th day of July, in the year last aforesaid, it being the term of court aforesaid, the following, among other proceedings, were had and entered of record in said court, which said proceedings are in the words and figures following, to-wit:

" 'The People of the State of Illinois ⎫ *Indictment*
No. 31718       *vs.*              ⎬ *for murder.*
Henry Hutchinson, *alias* Sheeny Henry. ⎭

" 'This day come said People, by Jacob J. Kern, State's attorney, and the said defendant, as well in his own proper person as by his counsel, also comes; and now neither the said defendant nor his counsel for him saying anything further why judgment of the court should not be pronounced against him on the verdict of guilty heretofore rendered in the indictment of this cause, therefore it is ordered and adjudged by the court that the said defendant, Henry Hutchinson, *alias* Sheeny Henry, be taken from the bar of the court to the common jail of Cook county, from whence he came, and from thence by the sheriff of Cook county to the penitentiary of this State at Joliet, and be delivered to the warden or keeper of said penitentiary; and the said warden or keeper is hereby required and commanded to take the body of the said defendant, Henry Hutchinson, *alias* Sheeny Henry, and confine him in said penitentiary, in safe and secure custody, for and during the term of his natural life, from and after the delivery thereof, at hard labor. It is further ordered that the said defendant pay all costs of these proceedings, and that execution issue therefor.' "

Section 456 of our Criminal Code (Rev. Stat. p. 414,) is as follows: "When a convict shall be sentenced to imprisonment in the penitentiary, the clerk of the court shall forthwith deliver a certified copy of the judgment to the sheriff or other proper officer of the county, who shall without delay convey the convict to the penitentiary of the State, and deliver him unto the warden thereof." No other *mittimus* is required or necessary.

It is well understood that a person imprisoned under the sentence of a court having jurisdiction of the subject matter and person of the defendant, and power to render the judgment, cannot be discharged on *habeas corpus* because of irregularities in the proceedings under which he is convicted, his remedy in such case being by writ of error. It is only when the judgment of conviction is void that a court will discharge a petitioner on *habeas corpus*. If it were conceded that a judgment sentencing a prisoner to the penitentiary would be void if it failed to show on its face the crime for which he was convicted, this judgment could not be held void. It does show that the indictment was for murder, and though this only appears from the caption, and not by statement in the body of the judgment, the most that could be said is that the judgment is informal. It is, however, well settled that "all parts of the record are to be interpreted together, effect being given to all, if possible, and a deficiency at one place may be supplied by what appears in another." 1 Bishop on Crim. Proc. secs. 1347, 1348.

In *Pointer* v. *United States*, 151 U. S. 419, which was a writ of error to the Circuit Court of the United States for the Western District of Arkansas to reverse a death sentence by the said court against plaintiff in error, one ground of reversal urged was that the record failed to show a judgment declaring plaintiff in error guilty of the crime. It is stated in the opinion of the court, "this objection is based upon the following order, under the caption of 'The United States v. John Pointer, Indictment for murder, No. 37, April, 1892,'" and in disposing of the objection it was said: "The specific objection to the sentence is, that it does not state the offense of which the defendant was found guilty, or that the defendant was guilty of any named crime. This objection is technical, rather than substantial. * * * The sentence itself is in the record, and the record shows everything necessary to justify the punishment inflicted. While the record

of a criminal case must state what will affirmatively show the offense, the steps, without which the sentence cannot be good, and the sentence itself, 'all parts of the record are to be interpreted together,'"—quoting the above language from Bishop. The objection was accordingly overruled. See *State* v. *Cook*, 92 Iowa, 484; *Williamson* v. *State*, 106 Ala. 23; *In re Gibson*, 31 Cal. 619.

We are unable to see upon what ground it can be contended that the verdict fails to specify of what offense or crime the defendant was found guilty. It is in the usual form. The indictment charges him with the crime of murder. The verdict finds him "guilty in manner and form as charged in the indictment." This, under the foregoing rule, is a specific finding of guilty of the crime of murder.

Counsel for respondent say, in their argument, that one of the objections to the judgment is, "that the record fails to show there was an adjudication that the prisoner was guilty. Relator contends that without an adjudication by the judge declaring that the relator is guilty the judgment is absolutely void." No such point is made in the brief of the relator. The judgment is upon the verdict of guilty, which is an adjudication by the court. The conviction here was in a court of general jurisdiction. The only *mittimus* required by the statute was a certified copy of the judgment. That judgment, as we have seen, considered in connection with other parts of the record, is a valid one. These considerations sufficiently distinguish the case from *Burford's case*, 3 Cranch, 486, and authorities cited and relied upon by counsel for petitioner.

We entertain no doubt, upon his own showing, that the relator is legally in the custody of the warden of the penitentiary at Joliet. The writ is therefore denied.

*Writ denied.*