(No. 12135.—Relator discharged.)
THE PEOPLE *ex rel.* Mike Maglori, Relator, *vs.* JOSEPH
SIMAN, Respondent.

*Opinion filed June 20, 1918.*

1. HABEAS CORPUS—*no writ of error lies to review judgment in a habeas corpus proceeding.* No writ of error lies to review the order of a court in a *habeas corpus* proceeding for the discharge of a prisoner in a criminal case, as the order is not.final and can not be pleaded as a bar to another such proceeding; nor is any appeal authorized by statute.

2. SAME—*Supreme Court has jurisdiction to award habeas corpus.* The Supreme Court has original and concurrent jurisdiction with other courts having jurisdiction in *habeas corpus* proceedings, and may award writs of *habeas corpus* in all cases where a sufficient showing is made, without regard to the number of unsuccessful applications that have been made before other courts, but if it shall appear that the prisoner was remanded for an offense adjudged not bailable the writ will be denied.

3. SAME—*habeas corpus does not operate as a writ of error.* A writ of *habeas corpus* does not operate as a writ of error and can not be used to correct a judgment entered by a court which had jurisdiction of the person and subject matter of the suit, and the · findings of the convicting court on all questions of fact and the rulings on all questions of law are conclusive and binding in a proceeding for *habeas corpus.*

4. SAME—*a prisoner may be discharged if convicting court had no jurisdiction.* The jurisdiction of the court to render judgment is always a proper subject of inquiry by *habeas corpus* proceeding, and if the court had no jurisdiction to render the judgment and sentence complained.of, the judgment is void and one imprisoned under it may be discharged.

5. SAME—*where a judgment or sentence is excessive, a prisoner will not be discharged unless legal sentence has been served.* Where a judgment or sentence is merely excessive a prisoner held thereunder will not be discharged unless the sentence which might legally have been imposed has been served, and if the court is authorized to impose imprisonment and it exceeds the time prescribed by law the judgment is void only as to the excess.

6. SAME—*rule as to discharge of prisoner sentenced for invalid term where both fine and imprisonment are authorized.* If the law prescribes both fine and imprisonment and authorizes imprisonment

until the fine and costs are paid, after the fixed term of imprisonment has ended, and the definite term of imprisonment fixed by the court is invalid for any reason, the prisoner is not entitled to his discharge, if the fine be legal, until such fine is paid.

7. SAME—*trial court, only, has right to determine sentence and judgment.*   The trial court, only, and not the Supreme Court in *habeas corpus* or on writ of error, has the right in a criminal case to determine what the judgment and sentence shall be, within the limits of the law, but where the trial court has acted and committed the prisoner it can enter no further order in the case, and if the judgment or sentence is incorrect, the Supreme Court, on *habeas corpus,* cannot remand the cause for correction of the judgment or sentence.

8. SAME—*rule as to discharge of a prisoner fined and imprisoned when both punishments are not authorized.*   Where the law authorizes either fine or imprisonment but not both, a prisoner who has been sentenced for a definite term of imprisonment and fined and ordered committed until the fine is paid may be discharged on *habeas corpus* after he has either paid the fine or served the definite term, the other part of the sentence in either case becoming excessive and void.

9. JURISDICTION—*what is jurisdiction.*   Jurisdiction in a particular case is not only the power of the court to hear and determine the case but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void.

CARTER, J., dissenting.

ORIGINAL petition for *habeas corpus.*

RICHARD E. WESTBROOKS, and GEORGE W. BLACKWELL, for relator.

MACLAY HOYNE, State's Attorney, for respondent.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This is an original petition filed in this court in the name of the People, upon the relation of Mike Maglori, on April 3, 1918, praying for a writ of *habeas corpus* directed to Joseph Siman, superintendent of the house of correction of the city of Chicago, and for the discharge of the relator,

a prisoner in said house of correction by virtue of a certain warrant of commitment.

The cause has been submitted upon the petition, return and replication. The facts thus disclosed are, that on February 1, 1918, the relator was found guilty of an attempted petit larceny, in the criminal court of Cook county, on a plea of not guilty. The judgment and sentence of the court are that he be committed for five months' imprisonment in the house of correction and fined one dollar, and in addition thereto that he be committed until said fine be fully paid. By virtue of the judgment and sentence relator was on said last date confined in the house of correction and has been there confined as a prisoner up to the filing of this petition. On March 11, 1918, he paid the fine and demanded his release from imprisonment, which was refused. On March 12, 1918, a petition for *habeas corpus* was filed in his behalf in the superior court of Cook county, returnable before one of the judges of said court. On March 14, 1918, the judge, on consideration of the facts, refused to discharge the relator and remanded him. On March 22, 1918, a second writ of *habeas corpus* was issued on his petition, returnable before one of the judges of the criminal court of Cook county, and on a hearing the judge of that court declined to discharge the relator from his imprisonment and remanded him, on the ground that to make such discharge would amount simply to a review and reversal of the decision and order of the judge of the superior court.

It is now the well established doctrine of this court that no writ of error lies to review the order or judgment of a court or judge in a *habeas corpus* proceeding for the discharge of a prisoner in a criminal case, as the order or judgment in such a proceeding is not a final order or judgment, and that such an order or judgment cannot be pleaded as a bar to another such proceeding. No appeal from such an order or judgment has been granted by any statute in this State, and consequently no appeal is permissible from

such an order or judgment. The reasons for the adoption of such holding have been so fully discussed and so frequently decided by this court as to require no further discussion or comment thereon in this case. *Hammond* v. *People,* 32 Ill. 446; *Ex parte Thompson,* 93 id. 89; *Cormack* v. *Marshall,* 211 id. 519; *People* v. *McAnally,* 221 id. 66.

While this court has no appellate jurisdiction in *habeas corpus* proceedings in criminal cases it does have original and concurrent jurisdiction with the circuit, superior and other courts having jurisdiction in such proceedings, and the same duty rests upon it to award writs of *habeas corpus* in all cases where a sufficient showing is made, without regard to the number of unsuccessful applications that may have been made before other courts or judges. (Const. of 1870, art. 6, sec. 2; Hurd's Stat. 1917, chap. 37, sec. 8.) One exception to this holding is to be here understood. If it shall be made to appear that the prisoner making the application for the writ was remanded for an offense adjudged not bailable the writ will be denied or the prisoner remanded on such a showing, as the order of the court or judge on the first application is by statute made conclusive against the prisoner. (Hurd's Stat. 1917, chap. 65, sec. 24.)

The rule is well established, also, that a writ of *habeas corpus* does not operate as a writ of error, and cannot be used to review or correct a judgment entered by a court which had jurisdiction of the person and subject matter of the suit wherein the judgment was rendered and power or jurisdiction to render the judgment and sentence entered by the court. This rule goes to the extent that no error of law or fact committed by the court can be reviewed or relieved against, leading up to the final judgment and sentence. The finding of the court upon every question of fact, including the question whether or not the evidence sustains the judgment and sentence, is absolutely conclusive and binding in *habeas corpus* proceedings, as are also all rulings of the

court upon other questions of law, whether the same be in regard to the admissibility of evidence, the sufficiency or legality of the defendant's defense, whether general or special, or as to the validity of the statute under which he was prosecuted and sentenced, or as to whether or not the statute had been repealed. *People* v. *Zimmer,* 252 Ill. 9; *People* v. *Murphy,* 202 id. 493; *People* v. *Graves,* 276 id. 350.

Jurisdiction in a particular case is not only the power of the court to hear and determine but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void. (*Ex parte Reed,* 100 U. S. 13; *Chicago Title and Trust Co.* v. *Brown,* 183 Ill. 42.) The jurisdiction of a court or judge to render a judgment is always a proper subject of inquiry on *habeas corpus,* and is, in fact, the primary, and generally the only, subject open to inquiry. If such court or judge had no jurisdiction to render the judgment and sentence complained of the judgment is void, and one imprisoned under and by virtue of it may be discharged from custody on *habeas corpus.* (12 R. C. L. 1196; *Nielsen, Petitioner,* 131 U. S. 176; *In re Swan,* 150 id. 637; *In re Bonner,* 151 id. 242; *United States* v. *Pridgeon,* 153 id. 48.) The statute of this State provides that a person convicted of attempted petit larceny shall be punished by a fine not exceeding $300 or by confinement in the county jail not exceeding six months. (Hurd's Stat. 1917, chap. 38, par. 273, p. 1014.) The trial court had jurisdiction to either fine the relator or to imprison him within the limitations of the statute, but the court did not have jurisdiction to both fine and imprison the relator, as it did in this case. The court therefore exceeded its jurisdiction. The judgment or sentence of the court, however, is merely excessive, and the rule sustained by the great weight of authority as to such judgments is that the prisoner will not be discharged unless the sentence which might legally have been imposed has been served. (15 Am. & Eng. Ency. of Law, 172; *Harris* v. *Lange,*

7 Ann. Cas. 141, and authorities in note; *People* v. *Green,* 281 Ill. 52.) If the court is authorized to impose imprisonment and it exceeds the time prescribed by law the judgment is void as to the excess. If the law prescribes both fine and imprisonment and authorizes imprisonment until the fine and costs are paid, after the fixed term of imprisonment has ended, and the definite term of imprisonment fixed by the court is invalid because the place designated for the imprisonment is not the one authorized by the law, or if for any other reason the definite term of imprisonment is invalid, the prisoner is not entitled to his discharge, if the fine be legal, until such fine is paid. He is, however, in such last case named, entitled to his discharge if the fine and costs have been paid by him. (*In re Bonner, supra; People* v. *Green, supra.*) In this case, as already suggested, the fine imposed by the court and the commitment of the relator until such fine be paid is a valid judgment and order of the court. So, also, the term of imprisonment imposed by the court was authorized by the statute. Therefore, whether we are considering the first part of the judgment and sentence of the court or the second part,—the imprisonment of the relator for five months,—so long as each is considered alone, both are equally valid and the other may be considered as in excess of the court's jurisdiction.

It is contended by the relator that the term of punishment is the excessive part of the judgment or sentence, and, on the other hand, it is contended by the State that the fine is the excessive part of such judgment or sentence. If neither the fine had been paid nor the sentence had been served by the relator this court in this proceeding would not have any right or power to say which is the excessive part of the judgment or sentence. This court would not have such right or power on a writ of error, but it would be the duty of the court, upon a review of such judgment or sentence on writ of error, to reverse the judgment of the lower court and remand the cause, with directions to

284 — 3

the trial court to enter up a correct judgment or sentence and without any direction as to whether or not the court should fine or imprison the relator. (*Neathery* v. *People*, 227 Ill. 110.) The trial court, and not this court in *habeas corpus* proceedings or on writ of error, has the right and power in such a case, within the limits of the law, to determine what the judgment or sentence should be, and the trial court having already acted in the case and having lost jurisdiction of the same, cannot enter any further order in this cause. This court on *habeas corpus* does not have the right or power to correct, or to remand for correction, a judgment or sentence of the trial court in such cases as is given to the Supreme Court of the United States. The proper rule to be invoked in such a case in this State, where both the fine and imprisonment, when considered singly, are legal, is, that when either the fine is paid to the State by the defendant or where the imprisonment imposed has been served, the other part of the judgment or sentence of the court becomes at once the excessive or the void part of the judgment or sentence. *Ex parte Lange,* 18 Wall. 163; *In re McNeil,* (Kan.) 1 Ann. Cas. 733.

Both of the cases just cited are on all fours with this case so far as the principles involved are concerned. In the latter case McNeil was convicted for assault and battery, the penalty provided therefor being a fine not exceeding $500 or by imprisonment not exceeding one year. By the judgment or sentence of the court the prisoner was sentenced to imprisonment for a term of three months *and* to pay a fine of one dollar. He paid the fine assessed against him, and in an original proceeding in the Supreme Court of Kansas sued out a writ of *habeas corpus* for his discharge on the ground that the court was without power to assess punishment by both fine and imprisonment. The court, following the United States Supreme Court in the *Lange case,* held that having paid his fine he was entitled to his discharge from imprisonment.

In the *Lange case* Lange had been indicted in the circuit court of the United States for the southern district of New York for stealing, purloining, embezzling and appropriating to his own use certain mail bags of the post-office department. He was convicted of the last named offense and sentenced to one year's imprisonment *and* to pay a $200 fine, while the statute provided a punishment in such case of imprisonment for not more than one year or a fine of not less than $10 nor more than $200. He was committed to jail on such sentence, and on the following day paid his fine to the clerk of the court, who thereafter paid the same into the treasury of the United States. Thereafter the prisoner was brought before the same circuit court at the same term on a writ of *habeas corpus,* the same judge presiding, and an order was entered vacating the former judgment, and the prisoner was again sentenced to one year's imprisonment from that date. *Habeas corpus* and *certiorari* proceedings were both brought before the Supreme Court of the United States by Lange. (See both of said cases, 21 L. Ed. 872.) The return of the marshal to the writ of *habeas corpus* showed that Lange was held under the second judgment of the circuit court and that a second writ of *habeas corpus* issued by the circuit judge was discharged and the prisoner remanded to the custody of the marshal. After a full discussion and consideration of the cause the Supreme Court, in accordance with the rule heretofore in this opinion announced, discharged the prisoner, after having said: "The petitioner then having paid into court the fine imposed upon him of $200, and that money having passed into the treasury of the United States and beyond the legal control of the court or of anyone else but the Congress of the United States, and having also undergone five days of the one year's imprisonment, all under a valid judgment, can the court vacate that judgment entirely, and, without reference to what has been done under it, impose another punishment on the prisoner on that same

verdict? To do so is to punish him twice for the same offense. He is not only put in jeopardy twice but put to actual punishment twice for the same thing. * * * Without straining either the constitution of the United States or the well settled principles of the common law, we have come to the conclusion that the sentence of the circuit court under which the petitioner is held a prisoner (the second sentence) was pronounced without authority, and he should therefore be discharged." The same rule has been announced and followed by the Supreme Court of Alabama in *Ex parte Montgomery,* 79 Ala. 275.

In this State a prisoner can be discharged on *habeas corpus* proceedings only for one or more of the seven causes named in section 22 of the Habeas Corpus act, the first two of which are as follows: "1. Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person. 2. Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." As has already been shown, the criminal court of Cook county exceeded its jurisdiction in imposing both fine and imprisonment on the relator. The sentence was not entirely void but was simply excessive and the prisoner was in the first instance legally imprisoned under said sentence, but when he paid his fine that was an event that entitled him to a discharge from the imprisonment for the second cause given in section 22, as the payment of the fine settled the question that it was the part of the sentence made legal by the act of the relator in paying his fine and of the State in accepting it, and at the same time definitely settled the question that the other part of the sentence, the imprisonment, was the excessive and void part of the judgment. This must be accepted as the correct solution of the matter, as the relator having been once legally punished for the offense by fine, and having paid the same, to impose a further penalty by fine or imprison-

ment would be to violate the constitutional provision that one cannot be twice placed in jeopardy and punished for the same offense. It is proper to further say that had the respondent, after paying his fine, prosecuted a writ of error instead of suing out a writ of *habeas corpus,* as he did in this case, he would have been entitled to a reversal of the judgment of the criminal court and to an order of discharge, as this court, for the same reason above given, could not legally remand the cause to the lower court with any other direction except the direction to correct or expunge from the court's record the sentence of imprisonment, as the vacation of the lower court's judgment and the entry of any other judgment would be in violation of his constitutional rights.

For the foregoing reasons it is our imperative duty to discharge the relator, and the order of this court is that he be discharged.                        *Relator discharged.*

Mr. JUSTICE CARTER, dissenting:

I do not agree with the conclusion or some of the reasoning of the opinion in this case. Whether the opinion is right depends somewhat upon whether the word "jurisdiction" is properly defined therein. If jurisdiction should be defined as it has been in the opinion, then every act of the court that goes beyond the authority of the court to enter it is void. The reasoning in the opinion of *Ex parte Reed,* 100 U. S. 13, gives some support to this conclusion, as stated in the opinion, though I do not think the reasoning in *Chicago Title and Trust Co.* v. *Brown,* 183 Ill. 42, supports the definition given in the opinion as to the meaning of jurisdiction. In *People* v. *Talmadge,* 194 Ill. 67, this court gave the following definition (p. 68) : "Jurisdiction is authority to hear and decide a cause, and it does not depend upon the correctness of the decision made." That definition of jurisdiction was quoted with approval by this court in *People* v. *Superior Court,* 234 Ill. 186. This last

case was considering the question of jurisdiction with reference to a *habeas corpus* proceeding.

I think the final conclusion reached in the opinion is incorrect. This court has held that a writ of *habeas corpus* will not be awarded on the petition of one serving sentence for robbery where the trial court has jurisdiction of the person and subject matter even though the judgment be erroneous. (*People* v. *Allen*, 160 Ill. 400.) This doctrine as laid down in the last case has been approved frequently by this court. *People* v. *Murphy*, 202 Ill. 493; *People* v. *Zimmer*, 252 id. 9; *People* v. *Graves*, 276 id. 350; *People* v. *Whitman*, 277 id. 408.

The question raised in this case as to the judgment being void was raised and passed upon in *People* v. *Graves, supra,* and *People* v. *Whitman, supra,* and it was decided in both of those cases that the writ of *habeas corpus* would not be awarded in favor of one "who has been convicted and is serving a sentence, where the trial court had jurisdiction of the person or subject matter, even though the judgment may be erroneous. If an error has been committed by the court in the trial of the cause or in the sentence of the petitioner that is a question which may be reviewed by a writ of error, but the party has no right to a writ of *habeas corpus*." I do not see how the conclusions in these two cases can be reconciled with the conclusion in the opinion in this case. They seem to be absolutely in conflict. In *Harlan* v. *McGourin,* 218 U. S. 442, the court said: "Upon *habeas corpus* the court examines only the power and authority of the court to act,—not the correctness of its conclusions." See, also, reasoning to the same effect in *In re Matter of Gregory,* 219 U. S. 210, and *Ex parte Parks,* 93 id. 18.

In my judgment a writ ought not to issue in this case. Under the decisions in this State, as well as by the weight of authority in other jurisdictions, the petitioner should be required to raise this question by writ of error.