(No. 21554.— ▆▆▆▆▆▆▆)
THE PEOPLE ex rel. John A. Swanson, Petitioner, vs.
JAMES J. KELLY, Judge, Respondent.

*Opinion filed April 22, 1933—Rehearing denied June 7, 1933.*

OSCAR E. CARLSTROM, Attorney General, JOHN A.
SWANSON, State's Attorney, and EUCLID L. TAYLOR, (J. J.
NEIGER, of counsel,) for petitioner.

JAMES J. KELLY, *pro se,* (W. W. SMITH, of counsel,) for respondent.

MR. JUSTICE JONES delivered the opinion of the court:

Pursuant to leave granted by this court, an original petition for a writ of *mandamus* was filed herein in the name of the People of the State of Illinois, on the relation of Oscar E. Carlstrom, then Attorney General, and John A. Swanson, then State's attorney of Cook county. The petition prays for a writ commanding James J. Kelly, one of the judges of the superior court of Cook county and *ex-officio* judge of the criminal court of that county, to expunge from the records of the criminal court an order entered in a *habeas corpus* proceeding discharging Oliver A. Berg and Hymie Dickholtz from the penitentiary at Joliet, to which prison they had been transferred from the Southern Illinois Penitentiary.

The petition alleges that Berg and Dickholtz were indicted by a grand jury of Champaign county, Illinois, for the crime of robbery while armed with a dangerous weapon, and that on December 13, 1926, they pleaded guilty to the indictment and were sentenced upon said plea to the Southern Illinois Penitentiary. The judgment sentencing the defendants is set out *in hæc verba.* The part of it material to the issues in this cause is, that each defendant be confined "for the term of his natural life and until he is otherwise discharged therefrom as authorized and directed by law, one day in each year of said term to be in solitary confinement and the residue thereof at hard labor." The petition further shows that while Berg and Dickholtz were imprisoned in the penitentiary a writ of *habeas corpus* was issued by the respondent to effect their release; that the warden of the penitentiary produced them in the criminal court of Cook county and made a return to the writ showing he held them by virtue of a *mittimus* issued by the circuit

court of Champaign county on December 13, 1926; that upon the hearing in the *habeas corpus* proceeding respondent entered an order discharging Berg and Dickholtz for the alleged reason that the circuit court of Champaign county was without jurisdiction to enter the particular order therein.

Respondent's answer to the petition admits the indictment, trial, conviction and sentence of Berg and Dickholtz as alleged in the petition. It also admits the allegations as to the *habeas corpus* proceeding and the discharge of Berg and Dickholtz from the judgment and sentence. It alleges that under the law applicable to the punishment for the crime of which they were convicted the committing court had authority only to impose a general sentence of imprisonment and could not fix the limit or duration thereof; that the judgment of the committing court was therefore void and not merely erroneous, and that respondent had jurisdiction in the *habeas corpus* proceeding. The petitioner filed a general demurrer to respondent's answer, and the question presented by the pleadings is whether or not respondent, as judge of the criminal court of Cook county, had jurisdiction to enter the order discharging the prisoners from their conviction in the circuit court of Champaign county. This also involves the question of whether or not the judgment and sentence of the prisoners were void.

The penalty provided by statute for the offense of which Berg and Dickholtz were convicted—*i. e.,* robbery while armed with a dangerous weapon—is imprisonment in the penitentiary for "any term of years not less than one year or for life." (Smith's Stat. 1931, chap. 38, par. 501.) Section 2 of the act relating to indeterminate sentences and paroles (ibid. par. 802) provides that for all offenses, except misprision of treason, murder, rape or kidnapping, the sentence shall be a general sentence of imprisonment, and the court imposing the sentence shall not fix the limit or duration of such imprisonment. The next section of the

statute provides that the term of such imprisonment shall be not less than the minimum term nor shall it exceed the maximum term provided by law for the offense.

The real question involved in this case is whether or not the judgment and sentence of the circuit court of Champaign county were void. There is a distinction between the effect of void judgments and those which, though erroneous, yet are valid. (*People* v. *Siman,* 284 Ill. 28; *People* v. *Eller,* 323 id. 28.) If the judgment of the committing court was void, respondent had jurisdiction in the *habeas corpus* proceeding. If, however, it is not void but merely erroneous, its sufficiency cannot be tested by *habeas corpus.* (*People* v. *Barrett,* 203 Ill. 99.) That writ is not a substitute for a writ of error and cannot be made to perform its functions. Where a petition for a writ of *habeas corpus* discloses neither the want of jurisdiction of the subject matter or of the person nor want of power to render the particular judgment, it has been repeatedly held that no court can review by *habeas corpus* the record of a cause determined by another court possessing these requisites of jurisdiction and power. (*People* v. *Williams,* 334 Ill. 241; *People* v. *Williams,* 330 id. 150.) It is only when the judgment of conviction is void that a court has authority to discharge a petitioner on *habeas corpus.* (*People* v. *Murphy,* 188 Ill. 144; *People* v. *Barrett, supra.*) Where a court has entered a void order setting aside a judgment of conviction or has declared void a judgment which is legal and released the prisoner from custody, *mandamus* is the proper remedy to compel the court to expunge the void order. (*People* v. *Eller, supra; People* v. *Fisher,* 303 Ill. 430.) The earlier doctrine was, that when a court had jurisdiction of the subject matter and of the person of the defendants its judgment was conclusive on *habeas corpus.* (*Ex parte Smith,* 117 Ill. 63; *People* v. *Allen,* 160 id. 400.) It is now generally conceded that in order to render a judgment immune from attack the court must have

had not only jurisdiction of the subject matter and of the person of the defendant but also authority to render the particular judgment entered. *People* v. *Siman, supra; People* v. *Circuit Court,* 347 Ill. 34; 76 A. L. R. 469*n;* 12 R. C. L. "Habeas Corpus," sec. 17.

In determining whether or not an excessive sentence will render a judgment of conviction void so as to entitle a defendant to a release in a *habeas corpus* proceeding, the test is whether or not the sentence is of a different character than that authorized by law to be imposed for the crime of which the accused has been found guilty. If, upon a conviction for robbery, the committing court had sentenced the accused to be hanged, the judgment would be void because the penalty would be of a different character than the one fixed by the law. (*In re Fanton,* 55 Neb. 703, 76 N. W. 447; *Ex parte Burden,* 92 Miss. 14, 45 So. 1.) Under the provisions of the statute the circuit court of Champaign county had authority to impose upon the accused a sentence of imprisonment. The penalty imposed was not of a different character than that provided by the statute. The error consisted of fixing a definite term of imprisonment instead of an indeterminate one, as required by the statute. In *People* v. *Siman, supra,* the defendant was accused of a misdemeanor. The trial court had jurisdiction to inflict either a fine or imprisonment within the limitations of the statute but did not have jurisdiction to impose both penalties. The defendant was sentenced to both fine and imprisonment. We said that jurisdiction is not only the power of the court to hear and determine but also the power to render the particular judgment entered. The judgment there, as in the case at bar, was of the character that the court was authorized to impose, and we held that it was not void but merely excessive. The circuit court of Champaign county had jurisdiction of the subject matter and of the persons of the accused. The judgment was of the character authorized by the statute and therefore is not void.

Respondent was without jurisdiction to entertain the *habeas corpus* proceeding and the order discharging the prisoners was void. The demurrer to respondent's answer is sustained and the writ of *mandamus* is awarded. The writ will be directed against the judges of the criminal court of Cook county and may be served upon any person acting as a judge of said court at the time of service.

*Writ awarded.*