(No. 21833.—

THE PEOPLE *ex rel.* Laura Miller, Petitioner, *vs.* EDWARD J. DENEMARK, Respondent.

*Opinion filed October 21, 1933—Rehearing denied Dec. 8, 1933.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for petitioner.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EUCLID L. TAYLOR, of counsel,) for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

An original petition was filed in this court in the name of the People, on the relation of Laura Miller, for a writ of *habeas corpus* directed to Edward J. Denemark, superintendent of the House of Correction of the city of Chicago. The writ was issued and the cause submitted upon the petition and the return of respondent thereto. On November 19, 1932, relator was convicted in the municipal court of Chicago

of being a vagabond. She was sentenced to the House of Correction for a term of six months and to pay a fine of one dollar and costs, taxed at $6.50. While in prison under her sentence the fine and costs were paid and satisfaction was entered of record. On December 20 her motion to vacate the judgment was denied by the municipal court. Three successive applications to different judges of the criminal court of Cook county for a writ of *habeas corpus* seeking her discharge from the sentence of imprisonment were denied.

The statute (Smith's Stat. 1931, chap. 38, par. 579,) provides that any person convicted of being a vagabond shall be imprisoned for a term of not less than ten days and not exceeding six months, or shall pay a fine of not less than $20 nor more than $100 and costs of suit. Relator contends that the municipal court had jurisdiction to either sentence her to imprisonment or to impose a fine against her but not to do both, and that she became entitled to discharge upon the satisfaction of either penalty. She relies upon *People* v. *Siman*, 284 Ill. 28, and *People* v. *Eller*, 323 id. 28. In each of those cases the court imposed both fine and imprisonment under a statute providing only for the imposition of one or the other. The fine imposed in each case was within the limits authorized by the statute, and we held that the prisoner, upon payment of the fine, became entitled to a release. In the *Siman case* we said: "The proper rule to be invoked in such a case in this State, where both a fine and imprisonment, when considered singly, are legal, is, that when either the fine is paid to the State by the defendant or where the imprisonment imposed has been served, the other part of the judgment or sentence of the court becomes at once the excessive or the void part of the judgment or sentence. * * * This must be accepted as the correct solution of the matter, as the relator having been once legally punished for the offense by fine and having paid the same, to impose a further penalty by fine or imprison-

ment would be to violate the constitutional provision that one cannot be twice placed in jeopardy and punished for the same offense."

The *Siman case* and the *Eller case* differ in a very material aspect from the case at bar. In the former cases the term of imprisonment and the amount of the fines were within the limits authorized by the statute. Considered singly, each penalty was legal. In this case the fine imposed was not within the limits authorized by law and was not legal. The statute provided for a fine of not less than $20. The one imposed was one dollar. That part of the judgment which imposed it was wholly void but that portion which imposed a sentence of imprisonment was valid. In some jurisdictions it is held that a sentence less than the minimum prescribed by law is erroneous but not wholly void so as to authorize a discharge on *habeas corpus*. (*Ex parte Soto*, 88 Cal. 624; *Ex parte Files*, 13 Okla. Crim. 163; *State v. Klock*, 48 La. Ann. 67; *In re Williams*, 39 Minn. 172.) It seems to us that a better expression of the law is found in *United States* v. *Pridgeon*, 153 U. S. 48, 38 L. ed. 631, where it is said: "The sound rule is that a sentence is legal so far as it is within the provisions of the law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separable and may be dealt with without disturbing the valid portion of the sentence. * * * It may often occur that the sentence imposed may be valid in part and void in part, but the void portion of the judgment or sentence should not necessarily, or generally, vitiate the valid portion." In *People* v. *Siman, supra,* we held that the judgment as a whole was merely excessive, and that "if the court is authorized to impose imprisonment and it exceeds the time prescribed by law the judgment is void as to the excess." In *People* v. *Eller, supra,* we said the *Siman case* "definitely settled the question that the other part of the sentence—the imprisonment—was the excessive and void part of the judgment."

A sentence less than the statutory minimum does not ordinarily entitle the prisoner to a discharge on *habeas corpus*. He cannot complain of a sentence manifestly in his favor. (*McQuoid* v. *People*, 3 Gilm. 76; *Harmison* v. *City of Lewistown*, 153 id. 313.) The whole sentence herein is not void but only that portion of it which imposed a fine. The relator could have had the judgment reviewed by writ of error, but the writ of *habeas corpus* cannot be employed as a substitute or made to perform the functions of a writ of error. (*People* v. *Zimmer*, 252 Ill. 9.) It is only when a judgment of conviction is void *in toto* that a prisoner is entitle to discharge on *habeas corpus*. (*People* v. *Murphy*, 188 Ill. 144; *People* v. *Barrett*, 203 id. 99.) In *In re Stalker*, 167 Mass. 11, the prisoner sought discharge on *habeas corpus* because his sentence provided only for imprisonment at hard labor and omitted to include that part of the statutory penalty providing for solitary confinement preceding the hard labor. The court said: "Manifestly, it would be an absurd result if the petitioner could get his discharge on *habeas corpus* when he could not get it by a regular proceeding to reverse the sentence. But whether the sentence could be corrected or could not be, the rule which has been approved by this court denies relief by *habeas corpus* when the court has jurisdiction to sentence the petitioner and errs simply in regard to the extent of the punishment." The court said in the *Pridgeon case, supra:* "There is no law or justice in giving to a prisoner relief under *habeas corpus* that is equivalent to an acquittal when upon writ of error he could only have procured relief from that portion of the sentence which was void."

The writ of *habeas corpus* issued herein is quashed. By stipulation of the parties the production of the body as a return to the writ was waived. An order to remand the relator is therefore unnecessary.          *Writ quashed.*