(No. 22398.—

THE PEOPLE *ex rel.* Fay Morris, Petitioner, *vs.* HELEN H. HAZARD, Superintendent of the State Reformatory for Women, Respondent.

*Opinion filed April 21, 1934—Rehearing denied June 12, 1934.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for petitioner.

OTTO KERNER, Attorney General, (J. J. NEIGER, of counsel,) for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an original petition filed in this court in the name of the People, upon the relation of Fay Morris, on February 5, 1934, praying for a writ of *habeas corpus* directed to Helen H. Hazard, superintendent of the State ·Reformatory for Women at Dwight, and for the discharge of the relator, who is a prisoner in that institution by virtue of a certain warrant of commitment. The cause has been submitted upon the petition, return and replication.

On December 12, 1933, the relator was convicted in the municipal court of Chicago on an information based on section 57a-1 of "An act to revise the law in relation to criminal jurisprudence," approved March 27, 1874, as amended July 13, 1921, (Laws of 1921, p. 403; Smith's Stat. 1933, p. 1023;) charging her, in a certain street in the city of Chicago, with the crime of unlawfully soliciting to prostitution. She was sentenced to the institution in question under section 5 of "An act to establish and provide for a State reformatory for women," approved June 30, 1927, as amended June 27, 1931.. (Laws of 1931,

p. 225; Smith's Stat. 1933, p. 294.) By her petition for *habeas corpus* in this court relator asks to be discharged because, she insists, the State Reformatory for Women is a "penitentiary" within the meaning of section 8 of article 2 of the State constitution, which provides that no person shall be held to answer for a criminal offense unless upon an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary, and that her conviction, which is based upon an information, is therefore void.

The rule is well established that a writ of *habeas corpus* does not operate as a writ of error and cannot be used to review or correct a judgment entered by a court which had jurisdiction of the person and subject matter of the suit wherein the judgment was rendered and power or jurisdiction to render the judgment and sentence entered by the court. This rule goes to the extent, in such a proceeding, that no error of law or fact committed by the court can be reviewed or relieved against, leading up to the final judgment and sentence. The finding of the court upon every question of fact, including the question whether or not the evidence sustains the judgment and sentence, is absolutely conclusive and binding in *habeas corpus* proceedings, as are also all rulings of the court upon other questions of law— whether the same be in regard to the admissibility of evidence or the sufficiency or legality of the defendant's defense, whether general or special, or as to the validity of the statute under which he was prosecuted and sentenced, or as to whether or not the statute had been repealed. (*People* v. *Kelly,* 352 Ill. 567; *People* v. *Siman,* 284 id. 28.) Where a petition for a writ of *habeas corpus* discloses neither the want of jurisdiction of the subject matter or of the person nor want of power to render the particular judgment, it has been repeatedly held that no court can review by *habeas corpus* the record of a cause determined by another court possessing these requisites of jurisdiction and

power. (*People* v. *Kelly*, 352 Ill. 567; *People* v. *Williams*, 334 id. 241; *People* v. *Williams*, 330 id. 150.) The question, therefore, to be determined in the case before us is whether the judgment and sentence of the municipal court is void. If it is not, the writ should not be awarded and the relator should be remanded.

It is now generally conceded that in order to render a judgment of conviction immune from attack the court must have had not only jurisdiction of the subject matter and of the person of the defendant but also authority to render the particular judgment entered. (*People* v. *Shurtleff*, 355 Ill. 210; *People* v. *Kelly*, 352 id. 567; *People* v. *Circuit Court*, 347 id. 34.) The municipal court had the power to enter the particular judgment rendered in this case. As stated above, relator was convicted of soliciting to prostitution under section 57a-1 as last amended in 1921. By that section the penalty provided is a fine not exceeding two hundred dollars, or imprisonment in the county jail or house of correction for a period not to exceed one year, or both. The act establishing the State Reformatory for Women, and providing who shall be committed there, was enacted in 1927 and amended in 1931. Section 5 provides that women of the age of eighteen years or over, convicted of a violation of any law whose sentence or commitment is for six months or longer, shall be committed by the court in which the conviction is had to the State Reformatory for Women. Relator, whose age is thirty-one, was sentenced under this section. The court in this case had power to sentence the relator to more than six months' imprisonment, and was required, under section 5 of the above act, if the sentence was for six months or more, to sentence her to the State Reformatory for Women. It was proper to use an information, since the offense is a misdemeanor.

This is not a proper proceeding by which to review and pass upon the complaint of the relator that she was sentenced

to a penitentiary under a charge made by information and that the statute directing the trial court to sentence her to the State Reformatory for Women is invalid. This would, as has been indicated, amount to a review of the judgment of conviction and sentence in a *habeas corpus* proceeding, contrary to our former holdings.

The relator is remanded to the respondent, as superintendent of the State Reformatory for Women at Dwight.

*Relator remanded.*

Mr. JUSTICE SHAW, dissenting.