**RANDALL v. BECKER, Warden, etc.**

Civil Action No. 397–D.

District Court, E. D. Illinois.

May 15, 1945.

Carl Randall, pro se.

No appearance for the State.

LINDLEY, District Judge.

The relator as a poor person prays leave to file a petition for writ of habeas corpus. He has addressed this to Judge Wham, who has referred it to me with request that I dispose of it. For the purpose of disposition, I must determine whether the averments state a case for a writ. If they do not, the petition must be dismissed.

The relator avers that in April, 1944, he applied to the Circuit Court of Cook County, Illinois, whence he had been committed to the state penitentiary, for a writ of habeas corpus; that the petition was eventually dismissed; that he filed a second petition in the same court in November 1944, which, too, was dismissed and that in December 1944, he filed still another petition in the Supreme Court of Illinois, which that court "refused to entertain." He does not aver that he has ever applied to a state court of competent jurisdiction in the county where he is now confined, as he has a right to do in Illinois. Nor has he applied to the Supreme Court of the United States for certiorari to review any of the decisions of the courts of Illinois. Consequently it is clear that he has not exhausted his remedies in the state courts. In re Hawk v. U. S., 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572, and cases there cited.

The lastest word from the Supreme Court concerning such situations as that which now confronts me appears in White v. Ragan, 323 U.S. ——, 65 S.Ct. 978, 981, decided April 23, 1945. From this it appears that where the decision of the state court is "that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask" the Supreme "Court for certiorari in order to exhaust his state remedies" and that the Supreme Court of Illinois has announced that it will not consider any petition for a writ of habeas corpus which raises issues of fact, inasmuch as that court "does not try questions of fact"; that this means that the Supreme Court of Illinois will not entertain original applications for habeas corpus "save on a record which excludes on its face the possibility of any trial in that court of an issue of fact" and that where the record fails so to disclose the United States Supreme Court can not assume that a federal question was involved in the proceeding in the Supreme Court of Illinois and will be compelled, under such circumstances, to deny certiorari.

But this decision, even though it means relator could not obtain a review of the decision of the Illinois Supreme Court, does not relieve him from pursuing his other state remedies. White v. Ragan, supra. As I have suggested, these include his right to apply to the state court in the county where he is imprisoned.

Furthermore in the White case the Supreme Court suggests that inasmuch as the denial of habeas corpus by the lower state courts in Illinois appears not to be reviewable by the Illinois Supreme Court (People v. McAnally, 221 Ill. 66, 77 N.E. 544, 5 Ann.Cas. 590; People v. Siman, 284 Ill. 28, 119 N.E. 940), it follows that, for purposes of review in the Supreme Court of the United States under Section 237 of the Judicial Code, 28 U.S.C., § 344, 28 U.S.C.A. § 344, the denial of habeas corpus by one of the lower courts of Illinois, not reviewable in any other state court, is a decision by the highest court of the state in which a decision could be had, Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Largent v. Texas, 318 U.S. 418, 63 S.Ct. 667, 87 L.Ed. 873, and that it follows further from the lack of a remedy in the Illinois Supreme Court in such a case that an original application to that court for the writ is not prerequisite to review here of the decision of the lower state court. Tenner v. Dullea, 314 U.S. 692, 62 S.Ct. 364, 86 L.Ed. 554.

Under this reasoning, it is incumbent upon the relator not only to exhaust his remedies in the lower state courts, but, in view of the fact that a denial on the facts in those courts is not reviewable, he has a right to apply for certiorari from the decisions of the lower state courts to the Supreme Court of the United States. Until these remedies have been exhausted, in the absence of the unusual showing required to supply a case of exception to the rule, this court is without jurisdiction to entertain his petition.

The petition for leave to present the application here as a poor person is granted; the petition for a writ of habeas corpus is denied.