Mays v. State.

## MAURICE MAYS v. THE STATE.

(*Knoxville.*   September Term, 1920.)

1. **HOMICIDE. Jury must assess punishment and verdict not doing so is a nullity.**

    Under Acts 1919, chapter 5, providing that, when any person is convicted of murder in the first degree, the jury shall fix the punishment, which shall be death, or the jury may, if of opinion that there are mitigating circumstances, fix the punishment at imprisonment in the penitentiary for life, or for some period over twenty years, the exclusive power to fix the penalty is intrusted to the jury, and a verdict not fixing the punishment and a judgment thereon are nullities. (*Post, pp.* 444-449.)

Acts cited and construed: Acts 1919, ch. 5.

Case cited and distinguished: Gholston v. State, 143 Tenn., 126.

Code cited and construed. Secs. 4601, 5257 (1858).

2. **HOMICIDE. Verdict imposing less than death penalty need not state mitigating circumstances.**

    Under Acts 1919, chapter 5, authorizing the jury to fix the punishment for murder in the first degree at imprisonment, if of option that there are mitigating circumstances, no finding of mitigating circumstances is required in the verdict. (*Post, pp.*

Acts cited and construed: Act 1919, ch. 5.

Cases cited and approved; Temple v. State, 127 Tenn., 435; Murphey v. State, 47 Tenn., 516; Turner v. State, 50 Tenn., 452; State v. Becton, 66 Tenn., 138.

Code cited and construed: Sec. 6452, 6458 (T. S.).

### FROM KNOX.

Error to the Criminal Court of Knox County—HON. T. A. R. NELSON, Judge.

R. L. CATES, L. C. HOUK and W. F. YARDLEY, for Maurice Mays.

FRANK M. THOMPSON, Attorney-General, and S. G. HEISKELL, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was indicted and tried for the murder of Mrs. Bertie Lindsay. The jury found him guilty of murder in the first degree. The trial judge sentenced him to death, and he has appealed in error to this court. The deceased was killed in August, 1919.

As stated above, the jury did not undertake to assess the punishment in their verdict. They simply returned a verdict of guilty of murder in the first degree. The death penalty was affixed by the court.

The procedure below would have been proper prior to the enactment of chapter 5 of the Acts of 1919. It is insisted that since the passage of that statute only the jury is authorized to assess the penalty in cases where a defendant is found guilty of murder in the first degree and that the verdict returned in this case and the subsequent judgment based thereon must be treated as null.

The statute referred to is as follows:

"An act to fix the punishment of persons convicted of murder in the first degree; to amend section 4601 of the Code of Tennessee so as to provide that the jury shall fix

the punishment of persons convicted of murder in the first degree and to prescribe when they may assess less than capital punishment, and what punishment they may assess in such cases; to repeal chapter 181 of the Acts of the Regular Session of 1915; to repeal section 5257 of the Code of Tennessee; and to repeal all laws in conflict with this act.

"Section 1. Be it enacted by the general assembly State of Tennessee, when any person is convicted of the crime of murder in the first degree, or as an accessory before the fact of such a crime, it shall be the duty of the jury convicting him in their verdict to fix his punishment, which punishment shall be death in the mode prescribed by law for the infliction of the death penalty in capital cases, or the jury may, if they are of opinion that there are mitigating circumstances, fix the punishment at imprisonment in the penitentiary for life, or for some period over twenty years.

"Sec. 2. Be it further enacted, that section 4601 of the Code of Tennessee of 1858, which fixes the punishment of persons convicted of murder in the first degree at death, be and the same is hereby amended so as in all respects to read as and conform to the language of section 1 of this act.

"Sec. 3. Be it further enacted, that chapter 181 of the Acts of the Regular Session of the General Assembly of 1915, entitled 'A bill to be entitled an act to abolish the death penalty, except in cases of rape, and convicts serving life terms in State penitentiaries, as punishment for crime, and to substitute therefor the punishment of life imprison-

ment,' and section 5257 of the said Code of Tennessee, which section authorizes the court where any person is convicted of a capital offense, upon the Jury finding mitigating circumstances, to commute the punishment to imprisonment for life, and all laws in conflict with this act be, and the same are hereby repealed.

"Sec. 4. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it.

"Passed January 28, 1919."

In the late case of *Gholston* v. *State,* 143 Tenn., 126, 223 S. W., 839, we considered this statute. While the charge in this case and the charge in the Gholston Case are somewhat different, this difference has little bearing on the authority of the Gholston Case. The question raised is one of the respective powers of the court and of the jury in the premises.

In *Gholston* v. *State, supra,* where the jury returned a verdict of guilty of murder in the first degree and the trial judge sentenced the defendant to death, the judgment below was reversed. This court said, referring to chapter 5 of the Acts of 1919, speaking through Mr. Justice Hall:

"We think this language of the act clearly vests in the jury the exclusive power and authority to fix the punishment of defendants in cases where they have been convicted of murder in the first degree, and is mandatory."

An effort is made by the attorney-general to distinguish this case from the Gholston Case, and we are asked, if there be no distinction between the two cases, to reconsider and modify our former holding, We find no distinction between

the two cases that is of avail to the State, and upon a careful examination of the matter we are satisfied that the ruling in the Gholston Case was sound and we must adhere thereto.

The contention of the State is that the law fixes the punishment for murder in the first degree, which is the death penalty, except in cases where the jury finds mitigating circumstances, and that therefore, when a simple verdict of guilty of murder in the first degree is returned by the jury, without a finding of mitigating circumstances, the death penalty follows by force of the law, and the act of the trial judge in imposing said penalty is but ministerial.

If we grant the premises of the foregoing contention, the conclusion would easily follow. Such formerly was the law, but the law has plainly been changed by chapter 5 of the Acts of 1919.

Section 4601 of the Code of 1858 provided that every person convicted of the crime of murder in the first degree should suffer death, and section 5257 of the Code of 1858 provided that the court might commute the punishment of any person convicted of a capital offense to life imprisonment where the jury stated in their verdict that they found mitigating circumstances.

Chapter 5 of the Acts of 1919, however, amended section 4601 of the Code of 1858 so as to make it in all respects read as and conform to section 1 of the act of 1919. Chapter 5 of the Acts of 1919 furthermore expressly repealed section 5257 of the Code of 1858, requiring the jury to state

in their verdict a finding of mitigating circumstances as a condition to the commutation of the sentence in capital cases.

As the law now stands, there is no abstract punishment provided for murder in the first degree. The act of 1919 imposes upon the jury the duty of assessing the punishment in such cases within certain limits. The punishment that may be fixed by the jury ranges from death to imprisonment in the penitentiary for some period over twenty years.

The act of 1919 plainly says that when any person is convicted of the crime of murder in the first degree "it shall be the duty of the jury convicting him in their verdict to fix his punishment." The caption of the act defines it, among other things, as a statute "to amend section 4601 of the Code of Tennessee so as to provide that the jury shall fix the punishment of persons convicted of murder in the first degree and to prescribe when they may assess less than capital punishment, and what punishment they may assess in such cases."

We cannot escape the conclusion that an exclusive power to fix the penalty in these cases was intrusted to the jury.

If the punishment fixed by law in cases of murder in the first degree was to remain the death penalty, there would have been no occasion to amend section 4601 of the Code of 1858, providing that penalty in such cases.

We think the phrase "which punishment shall be death in the mode prescribed by law," etc., and all the remainder

of section 1 of chapter 5 of the Acts of 1919 only serves to prescribe the limits within which punishment may be inflicted by the jury. As plainly indicated in the caption and in the previous language of section 1, it was made the duty of the jury finding the defendant guilty of murder in the first degree "in their verdict to fix his punishment."

Under chapter 5 of the Acts of 1919 the jury does not have to make any finding at all of mitigating circumstances in the sense of stating such a finding in their verdict, in order to impose less than the death penalty. If the jury are of opinion that there are mitigating circumstances, they may reduce the punishment. The matter of punishment within the limits stated is one for the discretion of the jury.

The attorney-general relies on a number of previous cases decided in this court which he insists conflict with the conclusion reached in *Gholston* v. *State, supra.* In *Temple* v. *State,* 127 Tenn., 435, 155 S. W., 388, the defendant was indicted for committing an assault and battery upon a female under the age of ten years, with intent to carnally know her. Section 6458, Thompson's Shannon's Code, makes the punishment for this offense the same as in the case of rape. Section 6452, Thompson's Shannon's Code, provides that one convicted of rape shall suffer death provided that the jury may, if they think proper, commute the punishment to imprisonment for life or for a period not less than ten years. The jury in the Temple Case returned a verdict of guilty as charged in the indictment, and the court imposed the death sen-

143 Tenn.—29

tence. It was held by this court that there was no error in this action, since the law expressly fixed the punishment for rape at death.

*Murphy* v. *State,* 47 Tenn. (7 Cold.), 516, *Turner* v. *State,* 50 Tenn. (3 Heisk.), 452, and *State* v. *Becton,* 66 Tenn. (7 Bax.), 138, were all cases dealing with a statute in which the death penalty was definitely fixed as the punishment for certain offenses. The statute also provided that the jury, if they thought proper, might commute the punishment to imprisonment in the penitentiary for a stated period. In *Murphy* v. *State* there was a void verdict. In the other cases there were general verdicts of guilty, and this court said that in these cases, under the statute, the law fixed the penalty which should be assessed upon such a verdict. A death sentence therefore was proper in the absence of a commutation by the jury.

These cases are manifestly not in conflict with the Gholston Case, nor with anything we have heretofore said. Chapter 5 of the Acts of 1919 does not fix any definite punishment to be suffered by those found guilty of murder in the first degree, but expressly provides that the jury in such cases shall fix this penalty within certain limits. A verdict, therefore, finding a defendant guilty of murder in the first degree without more cannot now be received by the court. To the jury is committed the power of assessing the punishment, and this power, as stated in the Ghilston Case, is exclusice.

It follows that the verdict which was returned in this

case was a nullity, and no valid judgment could have been based thereupon. The case will accordingly be reversed, and remanded for a new trial.