ADAMS *et al. v.* RUSSELL *et al.*

(Knoxville, September Term, 1942.)

Opinion filed November 7, 1942.

Hobart F. Atkins, of Knoxville, and Will H. Clarke, of Jonesboro, for plaintiffs in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This petition for *habeas corpus* was dismissed by the trial judge. The three petitioners were convicted in Greene County in 1934 of murder in the first degree, of which they had plead guilty. They have been and now are in the State prison, from which they seek release in this proceeding. They say that the judgment of the Greene County Court is void for the reason that it followed and was in accord with the verdict of the jury which fixed the punishment at not less than twenty and not more than thirty-six years, it being insisted that the jury was not authorized to fix an indeterminate sentence

in a case of conviction of first-degree murder. Code, section 10772 is invoked, which prescribes the punishment for murder in the first degree, providing that in such case, ''it shall be the duty of the jury . . . to fix his punishment, which punishment shall be death . . . or the jury may, if they are of opinion that there are mitigating circumstances, fix the punishment at imprisonment in the penitentiary for life, or for some period over twenty years.''

The complaint is that the jury and court unlawfully, without statutory authority, gave the petitioners the benefit of this indeterminate sentence law, thus treating them with more consideration than they, guilty of first-degree murder, had a right to receive. They made no complaint then. They did not seek to have this error in their favor corrected, either by the trial court, or by appeal. They have not served the minimum term which the statute they invoke prescribes, but, asserting now that this error rendered the judgment void, seek their freedom.

 It is, of course, well settled that one imprisoned under judicial authority may obtain relief by the writ of *habeas corpus* only where the sentence is void, not merely voidable; or the term of imprisonment has expired. *State* v. *Taxing Dist. of Shelby County,* 84 Tenn. (16 Lea), 240. Errors of the voidable class are not reviewable in this proceeding.

The Assistant Attorney-General submits two replies, (1) that the indeterminate sentence law may lawfully be applied by the jury, at its election, in exercise of the broad discretion vested in it by statute to fix the punishment in this class of cases; and (2) that the judgment is not void, but voidable only, in any event.

Our indeterminate sentence law is in Code, section 11766, reading: "Whenever any person over eighteen years of age is convicted of any felony or other crime and punishable by imprisonment in the penitentiary, with the punishment for said offense within minimum and maximum terms provided for by law, the jury in addition to finding the defendant guilty shall fix the maximum term of the convicted defendant and its form of verdict shall be: 'We find the defendant guilty as charged in the indictment,' or 'We find the defendant guilty of . . . (whatever may be the offense charged), and fix . . . years,' and the court imposing judgment upon such verdict shall not fix a definite term of imprisonment, but shall sentence such person to the penitentiary for a period of not more than the term fixed by the jury, making allowance for good time as now provided by law."

As expressive of the sole and broad power vested in the jury to fix sentences in these murder cases, the opinion in *Mays* v. *State,* 143 Tenn., 443, 448, 226 S. W., 233, 234, is in point. Said the court: "As the law now stands, there is no abstract punishment provided for murder in the first degree. The act of 1919 imposes upon the jury the duty of assessing the punishment in such cases within certain limits. The punishment that may be fixed by the jury ranges from death to imprisonment in the penitentiary for some period over 20 years."

This being the only limitation placed on the exercise of this broad discretion of the jury, why may not the jury, if keeping within the limit of years, provide for the sentence to be indeterminate?

We are cited to no reported case in this State on the question, but that distinguished and lamented jurist, Mr. Justice Cook, who graced this bench for so many years

and whose experience as a trial judge particularly fitted him for consideration of this class of questions, perhaps had this line of reasoning in mind when he said, in the unreported case from Houston Criminal, December term 1934, of *Wright* v. *State*,[1] "The judgment committing defendants to imprisonment from forty or fifty years was erroneous. It will be modified so as to conform with the statute. Sections 10771, 11770; *Woods* v. *State,* 130 Tenn., 100, 170 S. W., 57, L. R. A., 1915F, 531. The commitment will be for an indeterminate term of not less than twenty years, the minimum fixed by statute, nor more than the maximum fixed by the jury." The court assumed, without discussion, that the indeterminate law applied in this first-degree murder case.

That was a case pending on appeal, the proceeding for the correction of errors. In making the term indeterminate, within the limits, this court did what the court plainly recognized to be what the jury might have done. We are inclined to approve this view, and in this view the judgment was neither void nor erroneous.

Moreover, it may be added that, by the clear weight of authority, even if conceded to be erroneous, the judgment was not void and subject to this collateral attack.

Cases from other jurisdictions are cited on the brief of the State. See case note in 76 A. L. R., 476; *Martin* v. *District Court,* 37 Colo., 110, 86 P., 82, 119 Am. St. Rep., 262; *People ex rel.* v. *Kelly,* 352 Ill., 567, 186 N. E., 188; *In re Fanton,* 55 Neb., 703, 76 N. W., 447, 70 Am. St. Rep., 418. Reference is here made to the brief of the State, citing and quoting from these authorities and others. In the last cited of the above cases the court clearly dis-

---

[1]Not designated for publication.

tinguishes between judgments that are void and those merely voidable on review.

In the recent case of *W. Gaines Lynch, Superintendent, v. State ex rel. Killebrew,* 179 Tenn., 339, 166 S. W. (2d), 397, in holding the judgment void because the trial court exceeded its jurisdiction in sentencing young Killebrew to the State Training School, instead of the workhouse, we discussed the distinction between void and merely erroneous judgments. We quoted from *New York Casualty Co.* v. *Lawson,* 160 Tenn., 329, at page 336, 24 S. W. (2d), 881, at page 883, ''A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given,'' citing our earlier cases.

Here jurisdiction was lacking in none of these particulars. We said in that case that the judgment would not have been void, ''if, having general power to confine in the Training School under a statute which fixed a term of one year for the offense, the Court had fixed a term of six months only.'' This is applicable here. Having authority to punish the accused by imprisonment, limited only to a minimum term of twenty years, the verdict and judgment therein was not void merely because concessions were granted touching the imprisonment, effective after twenty years. The jury might, confessedly, have relieved them of all punishment after twenty years. The greater power includes the lesser.

Many cases are cited in 76 A. L. R., page 476, to support the view that (quoting the Annotation), ''if the Court had jurisdiction of the person and subject matter

of the offense," which was clearly true in the instant case, "such sentence is not void *ab initio* because of the excess," but is invalid only as to any of such excess.

This principle would apply equally when the judgment granted concessions beyond the authority of the statute. It would be invalid only to the extent of such concessions, here as to the indeterminate provisions.

 In any event, this application is premature. Certainly no injustice is done petitioners until they have served the minimum of twenty years fixed by the statute they invoke and by the jury.

The judgment is affirmed.