STATE OF TENNESSEE *ex rel.* CHARLES S. GOSNELL *v.*
JAMES E. EDWARDS, WARDEN, *etc.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

C. D. Berry and William H. Crabtree, both of Nashville, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

This petition for habeas corpus was dismissed by the trial judge. The record was seasonably made up, and an appeal duly perfected to this Court where excellent briefs have been filed, able arguments heard and we now have the matter for disposition.

At the September Term of 1934 of the Circuit Court of Greene County the relator was arraigned on a charge of murder in the first degree, plead guilty thereto and his punishment was fixed by the jury at not less than 20 nor

more than 36 years' confinement in the State Prison and sentence was pronounced upon him in accordance with the verdict of the jury. There was no appeal and the relator apparently has been confined in the penitentiary since that time. Obviously he has been in the penitentiary a few months over 20 years. At the time of the sentence in this case the courts (no appellate court decision at the time) considered that the indeterminate sentence law, 1932 Code, Section 11766, was applicable to murder in the first degree. *Adams* v. *Russell,* 179 Tenn. 428, 167 S. W. (2d) 5. Subsequent to the announcement of *Adams* v. *Russell,* supra, this Court reconsidered the question of whether or not the indeterminate sentence law applied in first degree murder cases and concluded that it did not. *Franks* v. *State,* 187 Tenn. 174, 213 S. W. (2d) 105. The petitioner now insists that since this Court has held, *Franks* v. *State,* supra, that the indeterminate sentence law does not apply in first degree murder cases that the sentence pronounced by the Greene County Court on the relator here is void and that the relator is entitled to his discharge by this Court.

The State argues that the question here as to whether or not this judgment is void has been previously settled in the case of *Adams* v. *Russell,* supra. That case presented an attack upon a similar judgment, identical in form with that in the instant case except for the parties involved. In that case this Court held that ''the judgment was neither void nor erroneous  *  *  *''. [179 Tenn. 428, 167 S. W. (2d) 7.] In that case this Court said:

'' 'The punishment that may be fixed by the jury ranges from death to imprisonment in the penitentiary for some period over 20 years.'

''This being the only limitation placed on the exercise of this broad discretion of the jury, why may

not the jury, if keeping within the limit of years, provide for the sentence to be indeterminate?''

Then this Court cited the unpublished opinion of *Wright v. State,* (first degree murder conviction) where the indeterminate term had been fixed ''of not less than 20 years, the minimum fixed by statute, nor more than the maximum fixed by the jury.'' The Court, in the Adams case, continued thus:

''That was a case pending on appeal, the proceeding for correction of errors. In making the term indeterminate, within the limits, this court did what the court plainly recognized to be what the jury might have done. We are inclined to approve this view, and in this view the judgment was neither void nor erroneous.''

The Adams case again came before this Court in 1947 and in an unpublished opinion, *State ex rel. Waller, Davidson Criminal* v. *John M. Harwood, Warden,* Mr. Justice Tomlinson of this Court, in an opinion handed down on May 3, 1947, said of the Adams case: (Adams again was a party to this case in which Mr. Justice Tomlinson wrote the opinion):

''We think that the only natural construction which can be placed upon the language of this Court in *Adams* v. *Russell* forces the conclusion that this Court in that case specifically held, in direct response to the contrary insistence of relators, that the jury did not exceed its authority in fixing the punishment of these relators for an indeterminate period of not less than 20 nor more than 36 years.''

The conclusion then of this Court in the case last above quoted from (*Waller* v. *Harwood*) was that *Adams* v. *Russell* was the law of the case and the Court was bound

thereby. *McNairy* v. *Mayor, etc., of City of Nashville,* 61 Tenn. 251. But in addition to holding that the reported case *Adams* v. *Russell,* supra, was the law of the case this Court said:

"These relators are, in fact, we think, benefited by our adherence in this case to the principle of the law of the case. The punishment for murder in the first degree is fixed by Code Sections 10771 and 10772, wherein it is provided that the jury may where there are mitigating circumstances fix the punishment and imprisonment 'for life, or for some period over 20 years'. The minimum period of years, therefore, which the jury may fix must be 'over 20 years'. The only period of time over 20 years which the jury in its verdict in this case specified is 36 years. That jury clearly had the authority to fix a term of 36 years. If we were to elide any part of this verdict in order that the indeterminate sentence law would not apply, the only portion which we could elide would be that part of the verdict which fixes a punishment for a number of years less than 'over 20'. We would be compelled to ignore the minimum period rather than the maximum period fixed by the jury in this case. That being our view of this matter, the relators are not made to suffer unjustly by the sustaining of the plea of res adjudicata."

We are again, in the instant case, reviewing the identical situation which was before this Court when what is last above quoted was written. We are convinced now that this is a sound statement of the law applicable under this situation and again approve and adopt this as the sound principle of law to apply under the facts of the case now before us.

■ Counsel for the relator relies principally upon the case of *Lee Lim* v. *Davis,* 75 Utah 245, 284 P. 323, 76 A. L. R. 460. In this case the court of last resort of Utah sustained a petition for habeas corpus and held that the sentence there, which was similar to that in this case, was clearly so indefinite that it was void. This Court apparently had the Utah case before it when the *Adams* v. *Russell* case was decided, at least the Court cites the A. L. R. note in which the Utah case is very prominently mentioned and discussed. It is true that this Court did not say anything about the Utah opinion but did cite that note and cases therein cited and authorities for the position that the judgment in Adams case was not void. We, as indicated above, are also of the opinion that the judgment is not void and insofar as the Utah case is concerned as applicable here we expressly disapprove it. If there was any error in the judgment rendered in the case now before us it lay in the grant of the concession to the relator of a minimum term of imprisonment and this Court feels that such an error, if any, did not render the judgment void as to be susceptible of a collateral attack, which this is. When we rendered the decision in *Franks* v. *State,* supra, we did not have in mind and did not so indicate in the opinion that this opinion, *Franks* v. *State,* was to be given any retroactive application.

■ As said above when the judgment was rendered by the jury and trial judge in the instant case the relator was given a term of a minimum of 20 and not to exceed 36 years. He did not appeal from this judgment or raise any question about it, he plead guilty and accepted the judgment of the court and jury. When this judgment was rendered the Court rendering it possessed full jurisdiction to try and to sentence the relator herein for the crime

charged against him. The Court at that time, under the then interpretation of the indeterminate sentence law, Code 11766, sentenced him according to the then interpretation of this Statute. If the court did have such authority, under the then existing interpretation of the statute, later determining otherwise, in reference to the interpretation of the statute, does not make this judgment void or subject to attack by habeas corpus.

In the case of *Warring* v. *Colpoys,* 74 App. D. C. 303, 122 F. (2d) 642, 647, 136 A. L. R. 1025, Mr. Justice Vinson, then a justice of the United States Court of Appeals of the District of Columbia, later Chief Justice of the United States Supreme Court said:

"We believe that appellant is not entitled to discharge upon the habeas corpus writ. The District Court had the power to sentence him in a criminal contempt proceeding in 1939. The Nye case [*Nye* v. *United States,* 313 U. S. 33, 61 S. Ct. 810, 85 L. Ed. 1172] of 1941 should not be applied so as to sweep away that power as of 1939. This collateral attack, then, is unavailing. We reject the idea that if a court was considered to have the power in 1939 to do a certain thing under existing statutory construction, and in 1941 that construction is changed so that it no *longer has the power to do that thing, it should be* concluded that it never had the power in 1939. It has often been said that the living should not be governed by the dead, for that would be to close our eyes to the changing conditions which time imposes. It seems even sounder to say that the living should not be governed by their posterity, for that, in turn, would be downright chaotic."

The Supreme Court of the United States denied a writ

of certiorari in this case in 314 U. S. 678, 62 S. Ct. 184, 86 L. Ed. 543 on November 10, 1941.

In the annotation to this case in A. L. R. supra, there is an extensive note purporting to collect and comment on cases in point in the United States. In one case there cited the applicant for habeas corpus was convicted for violation of the internal revenue statute and given six years under the then interpretation of the court for the crime. *Capone* v. *Aderhold,* D. C., 2 F. Supp. 280. Later the Supreme Court of the United States in *United States* v. *Scharton,* 285 U. S. 518, 52 S. Ct. 416, 76 L. Ed. 917, decided that a three year and not a six year limitation was applicable in cases of the kind. The petition for habeas corpus was dismissed upon the broad principle that the judgment by which the prisoner was convicted "though erroneous, was not void", and was " 'subject to correction in regular course on writ of error' ". [2 F. Supp. 283.]

It seems to us that the language of Judge Vinson quoted above is particularly applicable here and that following the thought expressed in this quotation it cannot be said that the 1934 trial court did not have jurisdiction to pronounce an indeterminate sentence merely because in 1948 we held that the power did not exist. The judgment below must be affirmed. We wish to express the thanks of this Court for the very able way in which the petitioner has been represented by counsel who were appointed.