# STATE OF TENNESSEE ex rel. LOUIE OPAL CRUMPLER, Petitioner, v. C. MURRAY HENDERSON, Warden, Tennessee State Penitentiary, Respondent.

Court of Criminal Appeals of Tennessee. March 1, 1968.

Certiorari Denied by Supreme Court June 4, 1968.

48

Paul E. Dunn, Knoxville, for petitioner.

George F. McCanless, Atty. Gen., of Tennessee, George W. McHenry, Jr., Asst. Atty. Gen., Nashville, for respondent.

## OPINION

WALKER, Presiding Judge.

The petitioner, Louie Opal Crumpler, appeals from the dismissal of his petition for the writ of habeas corpus after an evidentiary hearing. The petition was filed in the Criminal Court of Davidson County and was transferred to the Criminal Court of Knox County for hearing and final disposition in the original convicting court.

This is petitioner's third petition for the writ of habeas corpus in the state courts. He has previously petitioned on the ground that a confession was coerced.

Our Supreme Court sustained the trial court in denying the writ. The same constitutional question was denied by the federal district court and its action affirmed by the Court of Appeals for the Sixth Circuit. His second petition in the state courts contended that there is no such offense as armed robbery, to which he entered a plea of guilty, and his conviction was, therefore, void. This case was pending in our Supreme Court when the present petition was filed, but the judgment of the trial court dismissing that petition has since been affirmed. Some of the matters that had been once litigated were included with new matter in this petition. This piecemeal litigation made the task of the trial court difficult and amounted to an abuse of process.

On July 22, 1958, the petitioner entered a plea of guilty to armed robbery and was sentenced to twenty years in the penitentiary.

The petitioner himself filed assignments of error, as well as those assigned by his competent court-appointed attorney. All of them have been considered by the court.

■ The petition says that he was denied his right to counsel at the preliminary hearing and at his arraignment. His testimony, however, is that he had no attorney at any time, and that the arraignment and trial were actually the same proceeding. He says that the preliminary hearing was a critical stage of the proceeding. The proof is that he waived a preliminary hearing and nothing that occurred there was later used against him. He had no attorney at that time, but our Supreme Court has held that this is not a critical stage of the proceedings, and he has no constitutional right to be represented

by counsel there.  State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310.

Honorable J. Fred Bibb, who was judge at the time of his trial, testified that at the arraignment, which was on a Saturday, he appointed two prominent attorneys, both of whom had been assistant district attorneys general.  The case was set for trial the following Tuesday.

Honorable E. R. Mynatt, one of the appointed attorneys, testified in the case.  He has had thirty years' experience, largely in criminal practice.

The petitioner's testimony is that he held a pistol on the cashier of a supermarket and robbed him of about $200.00.  He was apprehended in front of the adjoining store by a former football player employed by the supermarket, and the fruits of the crime were recovered there.

His court-appointed counsel negotiated at length with the assistant district attorney general.  It is apparent that the prosecution considered this an aggravated case and finally agreed to a sentence of twenty years on a plea of guilty, after originally insisting on a much more severe penalty.  This offer of settlement was submitted to the petitioner and voluntarily agreed to by him.  He was well represented by counsel, and his counsel was most effective.

Petitioner next contends that no evidence was introduced on his plea of guilty, and his conviction was, therefore, void.  The proof is and the trial judge found that evidence was presented to the jury on this question.  This is amply sustained, but this contention is without merit. In State ex rel. Edmondson v. Henderson, Tenn., 421

S.W.2d 635, opinion released for publication November 27, 1967, our Supreme Court said:

> "Although T.C.A. § 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or federal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W.2d 71, McCord and Anglin v. Henderson, Warden, C.A. 6th Cir., 384 F.2d 135, opinion filed October 25, 1967."

██ Petitioner has no constitutional right that evidence be presented on a plea of guilty.

Petitioner insists that the indeterminate sentence applies to the offense of roberry with a deadly weapon, and that he should have the benefit of an indeterminate sentence.

Tennessee Code Annotated, Section 40-2707, provides:

> "40-2707. Verdict and sentence on felony conviction. —Whenever any person over eighteen (18) years of

age is convicted of any felony or other crime and punishable by imprisonment in the penitentiary, with the punishment for said offense within minimum and maximum terms provided for by law, the jury in addition to finding the defendant guilty shall fix the maximum term of the convicted defendant and its form of verdict shall be: 'We find the defendant guilty as charged in the indictment,' or 'We find the defendant guilty of . . . . . (whatever may be the offense charged), and fix his punishment at imprisonment in the penitentiary for not more than . . . . . years,' and the court imposing judgment upon such verdict shall not fix a definite term of imprisonment, but shall sentence such person to the penitentiary for a period of not more than the term fixed by the jury, making allowance for good time as now provided by laws. (Acts 1913, ch. 8, § 1; Shan., § 7202al; Acts 1923, ch. 52, § 1; Code 1932, § 11766.)"

In Franks v. State, 187 Tenn. 174, 213 S.W.2d 105, our Supreme Court said:

"(8) After a careful reading of the Code sections above set out, we are of opinion that the indeterminate sentence law does not apply to capital offenses of murder and rape. The punishment prescribed for rape is almost identical with the punishment prescribed for murder. We do not think the Legislature had in mind capital offenses when it passed the indeterminate sentence law. This being our view of the matter, the expressions in Wright v. State, supra; Adams v. Russell, supra [179 Tenn. 428, 167 S.W.2d 5], and Coursey v. State, supra, are disapproved, and we hold that

the indeterminate sentence law does not apply to the offenses of rape and murder."

■■ The statute making robbery with a deadly weapon a capital offense has been enacted since the *Franks* case. The indeterminate sentence law applies only where there is a maximum and minimum term of imprisonment. Where an offense, such as robbery with a deadly weapon, is punishable by death, the statute prescribes no maximum term of imprisonment and the indeterminate sentence law does not apply. This law is not applicable to capital offenses.

■■ Petitioner assigns as error that the verdict of the jury failed to state that the robbery was accomplished by the use of a deadly weapon. This assertion was not presented to the court below. This court considers only those questions presented to the trial court for determination, but in order to dispose of all of petitioner's contentions, we elect to consider it. The judgment of the Supreme Court and the evidence here shows that the petitioner was indicted in a two-count indictment and entered a plea of guilty to the second count charging him with robbery accomplished by the use of a deadly weapon. This assignment is without merit.

Petitioner's contentions that his confession was coerced have previously been ruled adversely to him in both the state and federal courts.

We have carefully considered all of petitioner's assignments of error and find no merit in them. The judgment of the trial court is affirmed.

We thank Paul E. Dunn, of Knoxville Bar, for his

competent representation of petitioner by appointment of this court.

GILLIAM and OLIVER, JJ., concur.