## STATE OF TENNESSEE ex rel. HERBERT LOUIS GAGE, Appellant, v. LAKE F. RUSSELL, Warden, Brushy Mountain Penitentiary, Appellee.

Court of Criminal Appeals of Tennessee. May 27, 1968.

Certiorari Denied by Supreme Court Sept. 16, 1968.

G. Edward Draper, Memphis, for appellant.

George F. McCanless, Atty. Gen. of Tenn., Thomas E. Fox, Deputy Atty. Gen., Nashville, Clay N. Saunders, Asst. Dist. Atty., Memphis, for appellee.

## OPINION

WALKER, Presiding Judge.

The petitioner below, Herbert Louis Gage, appeals from the dismissal of his petition for the writ of habeas corpus after an evidentiary hearing in the Criminal Court of Shelby County.

His petition avers that at the February term, 1966, he entered pleas of guilty in three cases of robbery and was sentenced to five years in the penitentiary in each

case; the second was consecutive to the first and the other concurrent, making a total of ten years to be served. He says in his petition that no evidence was presented to the jury on his guilty pleas and his sentences were therefore void.

The proof shows that at the January term, 1966, he was indicted in three cases for robbery and receiving stolen property. He was represented by an assistant public defender. After consultation with his attorney on several occasions, he decided to enter a plea of guilty to robbery in each case with punishment to be fixed as he has set out in his petition.

On May 6, 1966, the trial judge, in open court, carefully explained the charges in the three cases and assured the defendant that he could plead not guilty and have a trial by jury. The trial judge asked if any pressure had been brought on him to give up that right, to which the petitioner replied there had not.

After thoroughly satisfying himself that the petitioner fully understood his rights, and that his pleas of guilty were free and voluntary, the trial judge accepted them. The jury was brought in and seated. The Assistant District Attorney General explained the proof in the three cases and the recommendation in them. The defendant was present with his counsel. The trial judge asked the jury to stand if the recommendations met their approval. The jury had not been sworn previously but were sworn at this time. No objection had been made by petitioner or his counsel to the explanation of the case to the jurors before they were sworn.

Following this submission to the jury and its approval,

the trial judge sentenced the petitioner accordingly.

The petitioner assigns as error that no evidence was heard on the plea of guilty in violation of T.C.A. Sec. 40-2310.

The right to have a jury impaneled to hear the evidence and fix the punishment on a plea of guilty is a statutory right and may be waived. It is solely a creature of the statute and does not rise to constitutional stature. It is waived when a defendant, acting on advice of counsel, enters a voluntary, knowledgeable plea of guilty and allows a judgment to become final; and, moreover, when he does not exhaust appellate remedies afforded him. State ex rel. Edmondson v. Henderson, Tenn., 421 S.W.2d 635 (1967); State ex rel. Barnes v. Henderson, Tenn., 423 S.W.2d 497 (1968).

We are of the opinion that the petitioner's plea of guilty met the requirements of these cases, and this assignment is overruled.

He contends that the agreement as to the amount of time he was to receive was unlawful. The punishment fixed was the minimum for robbery in each case. One sentence was concurrent. The petitioner's attorney visited him twice in jail and effected a settlement for substantially less than the State first offered. This assignment is overruled.

Petitioner contends that it was error to present the recommendation to the jury before it was sworn.

In Looper v. Bell, 38 Tenn. 373, 376, the Court said:

"Objection is next made to the manner in which the jury were sworn. But the principle of the case of

Doss v. Birks, 11 Humph. 431, is decisive against the objection. Besides, the defendant and his counsel were present when the jury were sworn, and did not then complain, and cannot now be heard in this court upon the question."

This principle was stated again in Hobbs v. State, 121 Tenn. 413, 118 S.W. 262. That case held that an objection for failure to swear the jury must be made in the trial court to be available on appeal; such failure is waived by going to trial without objection. The Court said:

" * * * We have no statute in this state, called to our attention, which requires us to reverse a cause, either civil or criminal, where the merits have been reached, because of some irregularity, which would have been easily corrected upon the attention of the trial court being called to it, but presented for the first time on appeal. Objections going only to such irregularities must be made in the trial court, and, if not, they will be considered as waived by this court."

The argument that the summary of the evidence was presented to the jury before it was sworn in order that any juror who does not agree with the proposed sentence may be excused and replaced by a juror who will accept the recommendation has no application here. See State ex rel. Barnes v. Henderson, supra.

All assignments are overruled, and the judgment of the lower court is affirmed.

OLIVER and GILLIAM, JJ., concur.