## STATE OF TENNESSEE ex rel. CHARLES LEONARD ADAMS, Petitioner, v. J. W. NORVELL, Warden, Respondent.

Court of Criminal Appeals of Tennessee. Sept. 25, 1969.

Certiorari Denied by Supreme Court Dec. 15, 1969.

W. J. Michael Cody, Memphis, for petitioner.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

In his petition for habeas corpus, the petitioner below, Charles Leonard Adams, says that his conviction and sentence to ten years' imprisonment on his plea of guilty to robbery with a deadly weapon was void because no evidence was presented to the jury under T.C.A. Sec. 40-2310. His appointed counsel amended the petition to charge also that he was required to waive his right to appeal as a condition of being able to enter a plea of guilty.

At the hearing both sides relied on the transcript of the proceedings when the guilty plea was entered and the petitioner sentenced. After fully considering the questions presented, the trial judge dismissed the petition.

The petitioner and a codefendant were jointly indicted for robbery with a deadly weapon and were represented by members of the public defender's staff. On February 22, 1967, the petitioner filed a petition for

waiver of trial by a jury on the merits and request for acceptance of a plea of guilty. His petition also says that he waives any right he may have to a motion for a new trial and appeal. It also shows that he had been advised by his attorney as to the range of the punishment for the charge contained in the indictment.

Before accepting the plea of guilty, the trial judge addressed the petitioner personally to determine that he understood the nature of the charge; that his plea of guilty was freely and voluntarily made; that by it he waived his right to a trial by the jury on the merits of the indictment; the maximum possible sentence as well as the minimum. The court conducted a detailed inquiry to determine the accuracy of the guilty plea. The petitioner told the court that he did not want a new trial or to appeal.

The assistant district attorney general explained the facts of the case to the jury and the agreement reached between the state and the petitioner through his counsel to recommend punishment of ten years in the penitentiary. Petitioner's attorney joined in the recommendation and asked the jury to approve the sentence. The jury fixed punishment at ten years' imprisonment in accordance with the recommendation by the state and the petitioner through his counsel.

■ The right to have a jury impaneled to hear the evidence and fix the punishment on a plea of guilty is a statutory one and may be waived. It is solely a creature of the statute and does not rise to constitutional stature. See State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; State ex rel. Ingram v. Henderson,

220 Tenn. 676, 423 S.W.2d 479; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; State ex rel. Crumpler v. Henderson, Tenn.Crim.App., 428 S.W. 2d 800; State ex rel. Underwood v. Henderson, Tenn. Crim.App., 428 S.W.2d 803; State ex rel. Gage v. Russell, Tenn.Crim. App., 431 S.W.2d 299; State ex rel. George v. Henderson, Tenn.Crim.App., 432 S.W.2d 492.

■ We are of the opinion that the petitioner's plea of guilty met the requirements of these cases.

■■ The defendant had the right to waive a motion for a new trial and an appeal of his case. Both his waiver of appeal and of the trial on the merits were accepted and approved by the trial judge only after he was fully satisfied that the petitioner fully understood what he was doing and that it was being done voluntarily and at his own request. The petitioner participated as an actor in procuring the judgment which he now seeks to set aside. To that end he acquiesced and consented to the order. By this consent he must be deemed to have made his election. See State ex rel. Barnes v. Henderson, supra.

All assignments are overruled and the judgment of the lower court is affirmed.

We express the appreciation of the Court to appointed counsel W. J. Michael Cody, of the Memphis bar, for his competent representation of the petitioner.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

OLIVER and GALBREATH, JJ., concur.