**James B. DONOVAN, III, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 27, 1978.

Robert C. Watson, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Michael J. Passino, Asst. Atty. Gen., David L. Raybin, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DAUGHTREY, Judge.

In 1975 the petitioner, James B. Donovan, III, pleaded guilty to grand larceny and was sentenced to five to ten years in prison. Subsequently he pleaded guilty to the offense of attempt to commit a felony and received a concurrent one year sentence. In 1977 he filed a petition for writ of habeas corpus, which was transferred to the trial court where it was treated as a petition for post-conviction relief under T.C.A. § 40–3808. The State filed a response to the petition, but supplied no related records or transcripts; the petitioner then filed an "Answer" to the State's response. Thereafter the trial judge dismissed the petition without appointing counsel or holding an evidentiary hearing. The petitioner now appeals that action by the trial judge.

■ In his petition, Donovan attacks the validity of his conviction, alleging a breach of the agreement reached with the State upon which his guilty plea was based, incompetence on the part of his trial attorney, and his own incompetence to plead guilty because of insanity from drug addiction. All of these allegations relate to the circumstances surrounding the entry of Donovan's guilty plea, which must be tested under the guidelines laid down in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Despite the mandate of T.C.A. § 40–3814 and the obvious need for a review of the transcript of the guilty plea hearing, the assistant district attorney failed to file a copy of the transcript in connection with his response. And there is nothing in the record to suggest that the trial judge reviewed the *Boykin* transcript prior to denying relief on the post-conviction petition. For this reason, the State now concedes that the judgment below must be reversed and the case remanded for an evaluation of all the relevant transcripts. We so order.

Upon remand, the State is directed to comply fully with T.C.A. § 40–3814, so that the trial judge may have an adequate basis for deciding whether to appoint counsel, and whether to schedule an evidentiary hearing. As the record now stands, it appears that the petitioner's allegations, if proven to be true, would provide him with grounds for relief. Of course, in determining the need for a hearing, the petitioner's allegations must be presumed to be true, in the absence of clear proof in the record to the contrary. *Skinner v. State*, 4 Tenn.Cr. App. 447, 472 S.W.2d 903 (1971).

Further, we caution against placing undue reliance on the unamended "Answer" filed by the petitioner in response to the State's pleading. The trial court's order dismissing the petition specifically mentions and apparently relies at least in part upon this document. Yet a reading of the document suggests that it was drafted by a jailhouse lawyer who may or may not have accurately reflected the petitioner's desires and contentions in this matter.* In such a situation as this, the need for skillful amendment by appointed counsel, as authorized by T.C.A. § 40–3807, becomes even more apparent. *See also* T.C.A. § 40–3815, *Cureton v. Tollett*, 477 S.W.2d 233 (Tenn. Crim.App.1971).

The judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

WALKER, J., and SAMUEL L. LEWIS, Special Judge, concur.

---

* Although it apparently bears the petitioner's signature, the "Answer" contains somewhat peculiar statements, *e. g.* "At the outset, this writer says that regardless of the consequences, the wrath he probably will have to endure when Petitioner reads this petition, he simply cannot conscientiously and falsely attempt to put on the prosecution and [the petitioner's trial attorney] all the blame for what happened in the Petitioner's situation, but rather must put some of that blame squarely on the shoulders of the Petitioner, an unfortunately confused individual, who, seemingly because of sympathy afforded him by the Court, the State and defense counsel, erroneously assumed that he would not become the subject of severe penalty . . . notwithstanding the fact that he was acutely aware that a sentence which was two years in excess of what he plead guilty in exchange for had been given him in the cause." In view of the fact that T.C.A. § 40–3812 may have the effect of precluding subsequent attempts by this petitioner to ventilate constitutional claims arising from his conviction, it is especially necessary that care be taken to provide assistance to him if there is any indication that such assistance is merited. *See* T.C.A. § 40–3815, which directs the trial court to "require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief."