STATE of Tennessee, Appellee,

v.

Steve WALLACE, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

June 13, 1980.

Permission to Appeal Denied by Supreme Court Sept. 2, 1980.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

S. Richard Holcomb, Chattanooga, for appellant.

## OPINION

WALKER, Presiding Judge.

This is an appeal from a dismissal of a petition for postconviction relief without an evidentiary hearing.

On February 29, 1975, the petitioner, Steve Wallace, was indicted by the Bradley County grand jury and charged with first degree murder. Subsequently, on July 18, 1975, the petitioner entered a guilty plea to the offense of second degree murder and was sentenced by the trial judge to 150 years' imprisonment. On April 26, 1979, Wallace filed the present petition for post-conviction relief alleging numerous errors in the conviction process. Upon the motion of the state, the trial judge dismissed the petition without an evidentiary hearing. Wallace now appeals to this court.

The power to dismiss a petition for post-conviction relief without an evidentiary hearing is limited to those situations where the pleadings, files, and records of the case conclusively show that the petitioner is entitled to no relief. T.C.A. sec. 40–3809.

Because all of the petitioner's allegations presented for review to this court concern the adequacy of the record of petitioner's guilty plea hearing, it becomes necessary to discuss what transpired at the hearing. The record of the hearing reflects that the petitioner was questioned concerning whether he was aware of the seriousness of a charge of first degree murder. The trial judge advised the petitioner of his rights to a public trial by jury in the Criminal Court of Bradley County, his right to call witnesses, his right to testify or not, and the presumption of innocence. The trial judge also questioned the petitioner concerning whether he had been promised anything, threatened, pressured, mistreated, or abused. The petitioner was then informed that his guilty plea would result in a long term of imprisonment, after which the state recommended a sentence of 150 years. The only facts concerning the homicide which the district attorney general mentioned were that the petitioner had two codefendants who were minors, that the codefendants' statements implicated the petitioner and that the petitioner had made a confession.

In the petitioner's first issue presented for review, he claims that the trial judge erred in dismissing his allegation that his guilty plea was involuntary in that the record of the guilty plea hearing does not reflect compliance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); and *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). Of course, the postconviction procedure act applies only to

892

vindicate a constitutional right. T.C.A. sec. 40–3805. The constitutional standards for the acceptance of a guilty plea are governed by *Boykin*. Accord, *Donovan v. State*, 580 S.W.2d 795 (Tenn.Cr.App.1978). In *Mackey*, the Supreme Court, in the exercise of its supervisory power, mandated stricter standards for the acceptance of guilty pleas than those constitutionally required. A violation of the *Mackey* standards, to the extent that they go beyond the requirements of *Boykin*, does not constitute an abridgment of a constitutional right. We find that the record of the guilty plea hearing shows substantial compliance with *Boykin* and that the alleged violations of *Mackey* are not proper issues for postconviction relief.

■ Furthermore, the case at bar was tried before *Mackey*. We think that ·the principles of *Mackey* apply prospectively only.

This issue is without merit.

■ Next, the petitioner claims that the trial judge erred in dismissing his allegation that it was unconstitutional to sentence him without hearing any evidence. Contrary to petitioner's allegations, there is no constitutional right which requires that evidence must be presented on a guilty plea. *State v. Henderson*, 220 Tenn. 605, 421 S.W.2d 635 (1967); *State ex rel. Crumpler v. Henderson*, 1 Tenn.Cr.App. 47, 428 S.W.2d 800 (1968); *State ex rel. Adams v. Norvell*, 1 Tenn.Cr.App. 648, 448 S.W.2d 454 (1969). This issue is without merit.

■ Likewise, the petitioner's related issue that his sentence was cruel and unusual punishment in view of the fact that no evidence was heard before sentencing is without merit. The petitioner does· not claim that his sentence does not fit the crime but merely that the record does not reflect that it does. We have already determined that there is no constitutional requirement that evidence be presented on a guilty plea.

All issues presented to this court are without merit.

Affirmed.

O'BRIEN and DWYER, JJ., concur.